IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| SHAQUILLE RASHAD JENKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 124-058 |
| | ) | |
| AUDWON GREEN and MR. SCREWS, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Wilcox State Prison in Abbeville, Georgia brought the above-captioned case pursuant to 42 U.S.C. § 1983 regarding events allegedly occurring at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia.  Because he is proceeding *in forma pauperis*, Plaintiff's complaint must be screened to protect potential defendants.  Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.    SCREENING OF THE COMPLAINT

    A.    BACKGROUND

Plaintiff's complaint names Correctional Officers Audwon Green and Mr. Screws as Defendants.  (Doc. no. 1, p. 1.)  Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On December 19, 2021, while housed at ASMP, Plaintiff filed a grievance against

Defendant Green because he failed to comply with Plaintiff's religious dietary accommodations. (Id. at 6.) On December 23, 2021, in retaliation for the grievance, Defendant Green repeatedly punched Plaintiff in the face, fracturing Plaintiff's jaw and causing facial swelling. (Id.) Plaintiff was not violating any jail rules or acting disruptively at the time of Defendant Green's attack. (Id. at 7.) Defendant Screws was also present during the altercation but took no steps to stop Defendant Green. (Id. at 6.) Neither Defendant attempted to obtain medical assistance for Plaintiff following the incident. (Id.) Five days later, nurses examined Plaintiff and documented that his jaw was swollen. (Id.) After Plaintiff filed a grievance regarding the incident, the Criminal Investigation Unit of the Georgia Department of Corrections conducted an investigation and Defendant Green was fired. (Id. at 3.)

For relief, Plaintiff seeks a declaratory judgment and monetary damages. (Id. at 8.) Additionally, on August 1, 2024, Plaintiff filed a motion for a temporary restraining order and preliminary injunction. (Doc. no. 9.)

**B.    DISCUSSION**

**1.    Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (per curiam) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2.     **Plaintiff's Claims Are Time-Barred**

Plaintiff's claims are subject to dismissal under the statute of limitations applicable in Georgia. State law controls the length of the statute of limitations period in § 1983 actions. Abreu-Velez v. Bd. of Regents of Univ. Sys. of Ga., 248 F. App'x 116, 117 (11th Cir. 2007) (*per curiam*); Lawson v. Glover, 957 F.2d 801, 803 (11th Cir. 1987). In Georgia, such claims

3

for injuries to the person must be brought within two years of their accrual. Richards v. Cobb Cnty., Ga., 487 F. App'x 556, 557 (11th Cir. 2012) (*per curiam*); Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986); O.C.G.A. § 9-3-33. Although state law determines the applicable statute of limitations period for claims under § 1983, federal law determines the date of accrual. See Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003); Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996). Under § 1983, a claim accrues when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Brown, 335 F.3d at 1261 (quoting Rozar, 85 F.3d at 561-62).

Here, Plaintiff dated his complaint April 25, 2024, and the Court received it for filing on May 7, 2024. (See doc. no. 1.) However, Plaintiff claims the attack took place on December 23, 2021. (Id. at 6.) Therefore, the facts which would support a cause of action were apparent to Plaintiff by December 23, 2021. Accordingly, Plaintiff's claim is outside of the two-year statute of limitations period and subject to dismissal.

## II. MOTION TO DEDUCT INITIAL FILING FEE

On June 27, 2024, Plaintiff filed a "Motion to Deduct Initial Filing Fee," requesting the Clerk of Court withdraw the required partial filing fee from Plaintiff's inmate trust account. (Doc. no. 8.) However, the Clerk of Court received Plaintiff's initial partial filing fee on July 15, 2024. Accordingly, Plaintiff's motion is **MOOT**. (Id.)

## III. REQUEST FOR INJUNCTIVE RELIEF

On August 1, 2024, Plaintiff filed a motion for a temporary restraining order and preliminary injunction. (Doc. no. 9.) Plaintiff primarily seeks an order requiring Wilcox State Prison to provide him with a copy of his grievance (#333577)—which he filed in response to

the attack on December 23, 2021—and the corresponding memorandum created by the Georgia Department of Corrections. (Id. at 3.) Plaintiff also requests that Charles Mims, Warden of Wilcox State Prison, be enjoined from "any future retaliations, intentional interferences, transfers, [and] involuntary segregation." (Id.)

A party moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (11th Cir. 1983)).

As a preliminary matter, the Court lacks jurisdiction to enter a restraining order or injunction against those who are not parties to the lawsuit. Holmes v. Williams, No. 6:15-cv-12, 2015 WL 4429092, at *8 (S.D. Ga. July 20, 2015) (citing In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Labs., 72 F.3d 842, 842-43 (11th Cir. 1995)). Plaintiff seeks action by Wilcox State Prison and Warden Mims, who are not parties to this case. Defendants, current or former Correctional Officers at ASMP, are unable to provide Plaintiff's requested injunctive relief.

Regardless, Plaintiff has not met his burden of persuasion as to all four requirements. As established *supra*, Plaintiff's claims are time-barred, so he has failed to satisfy the first

element required for injunctive relief as he cannot demonstrate likelihood of success on the merits.  The Court need not address the remaining three elements.  Failure to satisfy any one of the four prerequisites for injunctive relief is fatal to Plaintiff's request for injunctive relief.  See Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) (*per curiam*).  Accordingly, Plaintiff is not entitled to injunctive relief.

## II.     CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted, his motion for injunctive relief be **DENIED**, (doc. no. 9), and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 5th day of August, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA